**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Yacknang Ngogang Leaticia,

Petitioner,

v.

Eric Rokosky,

Respondent.

No. CV-26-00776-PHX-KML (ASB)

**ORDER**

Petitioner Yacknang Ngogang Leaticia filed a petition for a writ of habeas corpus challenging her immigration detention in February 2026. (Doc. 1.) The court later permitted Leaticia to amend her petition, dismissing two grounds not cognizable in habeas corpus, and required respondents to answer the amended petition. (Doc. 18.) After the Ninth Circuit issued a published opinion impacting the arguments made in respondents' answer, the court ordered supplemental briefing. (Doc. 23 (citing *Padilla v. United States Immigr. & Customs Enf't*, --- F.4th ----, 2026 WL 2822044 (9th Cir. Sept. 21, 2026)).) Respondents timely filed a supplemental response that apparently intentionally chose not to address *Padilla*'s binding authority. (Doc. 24 at 1.) Because respondents have waived their argument that petitioners in Leaticia's position have no due process right to a bond hearing and *Padilla* suggests they do, the amended petition is granted.

Leaticia's amended petition challenged her prolonged detention during the pendency of her immigration proceedings—now exceeding 21 months—as violating the Fifth Amendment's due process clause. (Doc. 19 at 4-5.) Respondents' original answer

cited *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020), in arguing "Section 1225(b)(1)'s mandatory detention does not violate the Due Process Clause." (Doc. 20 at 2.) As the court's supplemental briefing order pointed out, *Padilla* held that *Thuraissigiam* allows aliens detained under 8 U.S.C. § 1225(b)(1)(B)(ii)—as respondents concede Leaticia is (Docs. 20 at 1; 24 at 1)—to pursue due process challenges and interpreted *Thuraissigiam* to be "an admission, not a detention, case." 2026 WL 2822044, at *11, *19. Based on a historical analysis, *Padilla* further described the "freedom from arbitrary imprisonment" as occupying "a central place" in our constitutional order which is constrained by "the widespread availability of bail as well as judicial review of the legality of confinement," with "noncitizens and citizens alike [being] able to use these mechanisms to obtain release from detention." *Id*. at *18.

Respondents' supplemental briefing failed to address these aspects of *Padilla*'s holding, which undermined the premise underlying their opposition to a bond hearing and which bind this court. Confusingly, their supplemental briefing also stated, "if the Court finds Petitioner's current detention to be unlawful then Respondents do not oppose a bond hearing." (Doc. 24 at 1.) For both reasons, respondents have waived their opposition to a bond hearing. *See Altman v. Cnty. of Santa Clara*, No. 21-15602, 2023 WL 33345, at *2 (9th Cir. Jan. 4, 2023) (failure to raise an argument in supplemental briefing may constitute a waiver)); *Walsh v. Nevada Dep't of Hum. Res*., 471 F.3d 1033, 1037 (9th Cir. 2006) (party who previously made claim but fails to respond to argument undermining it has "effectively abandoned" it and "cannot raise it on appeal").

The only remaining question is which party should bear the burden of proof at that bond hearing. Leaticia's reply argues that the length of her detention means the burden should shift to respondents to show by clear and convincing evidence that she poses a flight risk or danger to the community so as to justify bond. (Doc. 21 at 3-15 (citing *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011)).) Respondents' answer to this argument, in both its original and supplemental briefing, is that *Singh* should be afforded little weight because the *Supreme Court* has never ordered the burden shifted. (Docs. 20 at 6; 24 at 6.) That is

no answer: Ninth Circuit authority such as *Singh* binds this court unless the Supreme Court has overturned or undermined it, and the Supreme Court's failure to itself shift the burden does not undercut *Singh*'s logic. *See Miller v. Gammie*, 335 F.3d 889, 899-900 (9th Cir. 2003) (en banc). *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1211-12 (9th Cir. 2022), the one post-*Singh* burden-related Ninth Circuit case respondents cited, made clear it was addressing the appropriateness of shifting the burden based on the facts and procedural posture of that petitioner's detention and not more generally. *See also Martinez v. Clark*, 124 F.4th 775, 785-86 (9th Cir. 2024) (citing *Singh* in implicitly recognizing the burden is appropriately shifted in some circumstances). Respondents have not provided case-specific facts or arguments that would make shifting the burden inappropriate here.

Accordingly, Leaticia's amended petition is granted to the extent it requests a bond hearing. Within **seven days of the date this order is docketed**, respondents must provide Leaticia a bond hearing before a neutral adjudicator at which the government must bear the burden of showing that Leaticia should not be released on bond because she is a flight risk or a danger to the community pursuant to the requirements of *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), or release her from custody.

**IT IS THEREFORE ORDERED** petitioner's amended petition for writ of habeas corpus (Doc. 19) is **granted** to the extent it seeks a bond hearing. The petition is otherwise denied.

**IT IS FURTHER ORDERED** within **seven days of the date this order is docketed,** respondents must provide petitioner a bond hearing before a neutral adjudicator at which the government must bear the burden of showing that Leaticia should not be released on bond because she is a flight risk or a danger to the community pursuant to the requirements of *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), or release her from custody.

/

/

/

**IT IS FURTHER ORDERED** respondents must provide a notice of compliance within three days of releasing petitioner or providing her a bond hearing. **That notice must include the result of the bond hearing.**

**IT IS FURTHER ORDERED** any pending motions are denied as moot and the clerk of court shall enter judgment in petitioner's favor and close this case.

Dated this 6th day of October, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**